Marcia P. LINCOLN

v.

STERLING DRUG, INC.

Civ. No. H–85–109 (MJB).

United States District Court,
D. Connecticut.

Sept. 10, 1985.

Joseph D. Garrison, Garrison, Kahn, Crone & Silbert, New Haven, Conn., for plaintiff.

Robert Volpe, Hartford, Conn., for defendant.

RULING ON MOTION TO DISMISS

BLUMENFELD, Senior District Judge.

Facts

The plaintiff alleges in her complaint that she was hired by the defendant as a sales representative on January 25, 1982, and discharged on March 13, 1984. During the course of her employment, she was a productive employee and received both a sales award and a positive evaluation of her performance. She was given no notice that she was being considered for termi-nation, and was not placed on probation. She alleges that her termination without such notice "breached defendant's own personnel policies and procedures for termination as set forth in its employee relations manual or handbook." Complaint, ¶ 12. She sues for damages.

This court's jurisdiction is based on diversity of citizenship. Defendant has moved to dismiss the complaint on the ground that it does not state a claim on which relief can be granted.

*Discussion*

For the purpose of deciding this motion, the facts alleged in the complaint are taken as true. *Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975). Moreover, the complaint's allegations are to be liberally construed, *see* 2A *Moore's Federal Practice* ¶ 12.07[2.–5], and construed so as to do substantial justice. Fed.R.Civ.P. 8(f); 2A *Moore's Federal Practice* ¶ 8.34. With these principles in mind, the court views the complaint as having alleged that defendant breached implied contractual obligations, arising from the terms of the employee relations manual, which terms are alleged to have been an implied part of the employment agreement between plaintiff and defendant. *See Saller v. G.A.B. Business Services, Inc.*, Civ. No. N–84–237, slip op. (D.Conn. April 25, 1985) (Ruling on Defendant's Motions to Partially Dismiss the Complaint and to Strike the Jury Demand and Prayer for Compensatory and Punitive Relief) (Burns, J.).

As Judge Burns noted in *Saller,* the Connecticut Supreme Court has not yet decided whether a complaint such as this states a cause of action under the law of Connecticut. This court is therefore faced with the task of predicting what the Connecticut Court would decide if it were presented with this complaint.

Consideration of the Connecticut Supreme Court's likely view on this matter must begin with the recent decision in *Magnan v. Anaconda Industries, Inc.,* 193 Conn. 558, 479 A.2d 781 (1984). In *Magnan,* the court held that although a cove-

nant of good faith and fair dealing would be implied in an employment contract, that principle would not be applied "to transform a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause." *Id.* at 569, 479 A.2d 781. The court was not faced with an allegation that the discharge breached contractual terms that were contained in an employee relations manual, but stated in dictum:

> For those employees not protected by collective bargaining agreements, civil service statutes or other laws, the courts have occasionally found an implied promise to discharge only for cause in the circumstances or particular employment relationships. Sometimes the promise has been found in the representations contained in an employee relations manual or handbook.

*Id.* at 564, 479 A.2d 781 (footnote omitted). The decision in *Magnan* left open the question of whether Connecticut would recognize such promises.

In *Bilbao v. Wyatt, Inc.*, 9 Conn.L.Trib. No. 45 at 14 (Sup.Ct. June 6, 1983), the Connecticut Superior Court dealt with the question left open in *Magnan*. In *Bilbao*, the court found that representations made in an employee handbook could be implied into the employment contract. "While an employer need not establish personnel policies or practices, where an employer chooses to establish such policies and practices and makes them known to its employees, it commits itself to discharge employees in compliance with those procedures." *Id.* at 15. The court went on to hold that consideration for the employer's promises, contained in the handbook, was furnished by plaintiff's reliance on the handbook in continuing in the defendant's employ. *Id.*

Relying on *Magnan* and *Bilbao*, Judge Burns held in *Saller, supra*, that under Connecticut law the terms of a personnel manual would be considered terms of the employment contract. "Although the case law in Connecticut on the issue of whether enforceable terms of employment contract provisions can be found in a personnel manual is sparse, the logic of *Magnan* and *Bilbao* indicate that plaintiff may have a viable state law claim under a properly pleaded complaint." *Saller*, slip op. at 5.

As Judge Burns also pointed out, the modern trend among state courts is toward recognition of "implied in fact contract terms" inferred from employee manuals, handbooks, and the like. *Saller*, slip op. at 2 (citing Lopatka, *The Emerging Law of Wrongful Discharge*, 40 The Business Lawyer 1, 17).[1] Indeed, within the past few months the Supreme Courts of both Arizona and New Jersey recognized a cause of action based on the breach of just such implied terms in employment contracts. *Woolley v. Hoffmann-LaRoche*, 99 N.J. 284, 491 A.2d 1257 (1985); *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985). In the latter case, the Arizona court aptly stated the rationale for recognizing this cause of action:

> Employers are certainly free to issue no personnel manual at all or to issue a personnel manual that clearly and conspicuously tells their employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason. Such actions, either not issuing a personnel manual or issuing one with clear language of limitation, instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual. However, if an employer does

---

1. In neighboring New York, the employer's right to discharge an at-will employee at any time and for any reason, absent an express limitation in the employment contract, remains unimpaired. *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 305, 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983). However, in *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1983), the court held that the terms of a company personnel handbook constituted an express contractual limitation on the employer's right to discharge the at-will employee. *See* the discussion in *Gorrill v. Icelandair/Flugleidir*, 761 F.2d 847, 851–53 (2d Cir.1985).

choose to issue a policy statement, in a manual or otherwise, and, by its language or by the employer's actions, encourages reliance thereon, the employer cannot be free to only selectively abide by it.

*Wagenseller,* 147 Ariz. at 382, 710 P.2d at 1037 (quoting *Leikvold v. Valley View Community Hospital,* 141 Ariz. 544, 548, 688 P.2d 170, 174 (1984)).

For the foregoing reasons, I am persuaded that the Connecticut Supreme Court, if presented with the complaint in this case, would hold that it states a cause of action for breach of contract. Therefore, defendant's motion to dismiss is denied.

SO ORDERED.